Sandford L. Frey (SBN 117058)
Stuart I. Koenig (SBN 102764)
**CREIM MACIAS KOENIG & FREY LLP**
633 West Fifth Street, 51st Floor
Los Angeles, CA 90071
Telephone: (213) 614-1944
Facsimile: (213) 614-1961
sfrey@cmkllp.com
skoenig@cmkllp.com

Reorganization Attorneys for Oceanside Mile, LLC
dba Seabonay Beach Resort, Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## [LOS ANGELES DIVISION]

| | |
|---|---|
| In re<br><br>**OCEANSIDE MILE, LLC, dba Seabonay Beach Resort,**<br><br>Debtor and Debtor in Possession. | CASE NO.: 2:13-bk-35286-BR<br><br>Chapter 11<br><br>**DEBTOR AND DEBTOR IN POSSESSION'S MOTION TO DISMISS BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF AUTURO RUBINSTEIN AND EYAL GAMLIEL IN SUPPORT THEREOF**<br><br>DATE:    January 13, 2015<br>TIME:    10:00 a.m.<br>CTRM:    1668 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:**

Oceanside Mile, LLC, Debtor and Debtor In Possession, ("Debtor"), hereby moves this Court for an order dismissing its case pursuant to 11 U.S.C. § 1112(b).

**PLEASE TAKE NOTICE** that on January 13, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1668 of the United States Bankruptcy Court, located at 255 E. Temple Street, Los

Angeles, California, Oceanside Mile LLC, Debtor and Debtors in Possession, ("*Debtor*") will move this Court for an order approving its *Motion To Dismiss Bankruptcy Case* ("*Motion*").

**PLEASE TAKE FURTHER NOTICE** that the Debtor hereby moves this Court for an order dismissing the bankruptcy case, on the grounds that there no longer remains a bankruptcy purpose for keeping this case open and that dismissal of the bankruptcy case at this time is in the best interests of the Debtor and the creditors of this Estate.

**PLEASE TAKE FURTHER NOTICE** that, the Motion is based upon 11 U.S.C. ("*Bankruptcy Code*") §§105(a) and 1112(b); as well as Federal Rules of Bankruptcy Procedure ("*FRBP*") 9013; Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("*LBR*") 9013-1, the Notice of Motion, Motion and Memorandum of Points and Authorities; the Declarations of Arturo Rubinstein and Eyal Gamliel; all pleadings and records on file herein; all matters which are subject to judicial notice; and all other evidence which may be introduced at or prior to any hearing on this Motion.

**PLEASE TAKE FURTHER NOTICE** that LBR 9013-1 (f) requires that a formal written response to the Motion be filed at least fourteen (14) days before the hearing on the Motion and served upon (i) Creim Macias Koenig & Frey LLP, reorganization counsel for the Debtors, at 633 W. 5th Street; 51st Floor; Los Angeles, California 90071, Attn: Sandford L. Frey and Stuart I. Koenig; fax: (213) 614-1961; (ii) Roberto Kampfner, fax: White & Case LLP, 633 W. 5th Street, Suite 1900, Los Angeles, California 90071 ; and (iii) the Office of the United States Trustee.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with LBR 5005-2(d), a paper copy of any such opposition (which meets the requirements of LBR 9004-1(a)) must be marked "Judge's Copy" and must be served on the chambers of the Honorable Barry Russell, located at the United States Bankruptcy Court 255 E. Temple Street, Los Angeles, California, and, if such opposition is filed electronically, the "Judge's Copy" must be accompanied by a copy of the NEF confirming the filing.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1 (h), the failure to timely file and serve any opposition to the Motion may be deemed by the Court to be consent to the granting or denial of the relief requested.

**WHEREFORE**, the Debtors respectfully request that this Court enter an order:

1. Dismissing the Bankruptcy Case;

2. Ordering that all prior orders remain in full force and effect pursuant to 11 U.S.C. §349(b);

3. Determining that adequate notice has been provided; and

4. Granting any other and further relief as may be just and proper.

Dated: December 15, 2014

                                                  CREIM MACIAS KOENIG & FREY, LLP


By:   /s/ Stuart I. Koenig
       STUART I. KOENIG
Reorganization Attorney for Oceanside Mile, LLC,
Debtor and Debtor-in-Possession

I.

# STATEMENT OF FACTS

The Debtor commenced its case by filing a voluntary petition for relief under chapter 11 of the U.S. Bankruptcy Code on October 17, 2013 (the "Petition Date"). It is, and continues to be, a debtor-in-possession. No trustee or examiner has been appointed. No creditors' committee was ever formed. As of the Petition Date the Debtor was operating its business, consisting of operating the Seabonay Resort Hotel, a resort hotel located in an affluent area of Hillsboro Beach Florida. As explained in greater detail below, the Debtor has paid in full its pre-petition secured creditor through a refinance and is now in a position to meet all of its obligations on a timely, going forward basis.

A.  THE SECURED CLAIM OF FIRST CITIZENS

1.  **Case Background**

To give this Motion to Dismiss context, the Debtor provides the follow history of events leading up to the Bankruptcy filing as well as events during the case itself.

a.  **The Debtor's Business**

The Debtor is a corporation with its corporate headquarters in Los Angeles, California. The Debtor owns and operates a Resort Hotel located in an affluent area of Hillsboro Beach, called the Seabonay Beach Resort ("Hotel"), which is perched on the Atlantic Ocean. The Hotel is close to Fort Lauderdale and its suburbs; three miles south of Boca Raton, and adjacent to Deerfield Beach. The Hotel is also conveniently located to take advantage of the area commonly referred to as the South Florida Millionaire's Mile. The Hotel has seventy-seven (77) newly redecorated rooms, which include standard rooms, junior suites and one-bedroom suites. The suites have full working kitchens, living rooms and balconies. At the current time, the Debtor has approximately 3 full time employees and part time employees.

b.  **Events Leading to Filing of Chapter 11 Case**

Sun American Bank ("SAB") initially made a loan ("Original Loan") to the Debtor in the approximate amount of $6,500,000, which it asserted was secured by a Mortgage and Security

Agreement in favor of SAB. The Original Loan was assigned by SAB to First Citizens Bank & Trust Company ("First Citizens" or "Bank") in 2010.

The Original Loan matured by its terms in or about 2010. Pursuant to various agreements entered into between the Debtor and the Bank, the Senior Secured Loan was extended through and including October 20, 2013. Pursuant to that extension agreement, the Debtor also made a sizable principal reduction payment to the Bank.

As of the Petition Date, the Debtor was current on its monthly payments to the Bank, and was also current on real property taxes. The Senior Secured Loan became due by its terms on October 20, 2013 and the Bank was unwilling to extend the terms. During the course of this Bankruptcy Case the Debtor retained a real estate broker in an effort to sell the Hotel, but because of number of issues, including the bankruptcy filing itself, the Debtor was not able to find a willing broker. At the same time the Debtor was trying to sell the Hotel it was also engaged in efforts to refinance the loan with First Citizens. Fortunately, the Debtor was able to close a new loan and satisfy its obligations to First Citizens.

c.    **Proceedings During the Case**

In compliance with this Court's Order, the Debtor filed its Plan of Reorganization and Disclosure Statement on January 7, 2014 [Docket No. 102]. The Plan provided for, among other things, a three (3) year note to the Bank, at the same rate of interest provided for in the Original Loan with a balloon payment due at the end of the term. The Bank made clear to the Debtor its objections to the Plan and its intent to challenge, among other issues, the valuation of the Hotel and the feasibility of the Plan. After the Plan was filed, the Bank commenced discovery and set a number of depositions. In response, the Debtor filed an application to employ a financial consultant and was in the process of retaining an appraiser when it began settlement discussions with the Bank. The Debtor also filed its application to retain a real estate broker, CBRE, to market and sell the Hotel. Recognizing the costs that would be incurred in a confirmation battle, both the Debtor and the Bank realized it was in their mutual best interests to resolve their disputes rather than go to war, which is what they did.

### d.  Settlement With First Citizens

On February 25, 2014 the Debtor filed its motion to approve the settlement it reached with the Bank [Docket No. 129]. Under the terms of the Settlement Agreement approved by this Court [Docket No. 144], the Bank agreed to give the Debtor through October 31, 2014 to pay its claim in full (the "Sale Period"). The Bank and Mayo Group LLC ("Mayo Group"), the junior secured creditor, further agreed that the Debtor could sell the Hotel through a private sale or refinance the Hotel without the necessity of a further Order of this Court,.

The Bank further agreed that, during the Sale Period, at the Debtor's election, it would not be required to make interest payments to the Bank, with interest accruing to the final payoff amount. The Bank and Mayo Group further agreed that the Debtor could use its cash collateral during the Sale Period to pay ordinary expenses, as well as the allowed fees and costs of the Debtor's professionals. Despite the terms of the Agreement, the Debtor elected to make the monthly interest payments to the Bank during the Sale Period and did not pay any of the fees of its professionals. The Settlement Agreement further provided that in the event the Debtor fails to pay the Bank's allowed claim in full on or before September 1, 2014, the Debtor would serve notice on all interested parties that an auction of the Hotel would take place on October 31, 2014 with the Bank making the initial bid, as a credit bid, in the full amount of its allowed claim. The Debtor was not able to pay off the Bank by September 1, 2014 and therefore, pursuant to the Settlement Agreement, the Debtor filed its notice of auction.

At a Status Conference conducted by this Court on August 19, 2014 the Court set a date of November 5, 2014 as a continued Status Conference and the sale date for the Hotel in the event the Debtor was unable to either sell or refinance the Hotel and pay off the note of First Citizens before October 31, 2014. [Docket No. 163].

Fortunately, the Debtor was able to refinance the obligation to the Bank and on October 22, 2014 this Court heard, on an ex parte basis, a motion by the Debtor to approve post-petition financing to pay the note held by First Citizens. The motion to approve post-petition financing was granted by this Court and the Order was entered on October 22, 2014 [Docket No. 174].

Thereafter, on October 30, 2014 the Debtor's refinance closed, and the note held by First Citizens was paid in full. As a result, the sale of the Hotel was taken off calendar.

As a result of the payment in full of First Citizens claim, the only issues remaining to be resolved are the allowed attorney's fees of First Citizens, per the terms of the Settlement Agreement, and the final fees of Debtor's counsel. The hearing on the allowance of attorney's fees for First Citizens, and the Final Fee Application of Debtor's counsel are both set for hearing at the same date and time as this Motion to Dismiss.

### e.   The Other Creditors of this Estate

Other than First Citizens, the Debtor's only secured creditor is the Mayo Group. The Mayo Group is a member of the Debtor and holds a secured claim in the amount of $2,000,000. Pursuant to agreement, the secured claim of the Mayo Group is junior to the Debtor's post-petition lender. As evidenced by the attached declaration of Eyal Gamliel, Mayo Group consents to the dismissal of the Bankruptcy Case.

The Debtor has two administrative creditors, its bankruptcy counsel, Creim Macias Koenig & Frey LLP ("CMKF") and the administrative claim of First Citizens. Pursuant to the terms of the Settlement Agreement, the Debtor has deposited into a segregated account maintained by CMKF, $325,000, the maximum agreed upon fees of First Citizens, subject to this Court's approval and therefore provisions have been made for the satisfaction of the attorney's fees claim of First Citizens. CMKF has reached an agreement with the Debtor regarding the payment of its allowed fees and consents to the dismissal of the case at this time.

The Debtor has three (3) priority tax creditors, including the Internal Revenue Service ("IRS") at $4,680, the Broward County Board of County Commissioners and the Broward County Code Enforcement. The total of these administrative claims is $86,680. The Debtor scheduled the two Broward County claims as disputed. During the course of its refinance, the Debtor resolved the claims of both the Broward County Board of County Commissioners and the Broward County Code Enforcement. The Debtor will pay the claim of the IRS, in full, prior to the hearing on this Motion.

According to the Debtor's Schedules, the Debtor believed its pre-petition unsecured claims totaled $127,617. Included within its unsecured creditors were the claims of 4 professionals, the Debtor's pre-petition accountant Kaufman Rossin & Co, and three law firms, David Neblett, Kodsi Law Firm and Moffa, Gainor & Sutton PA. As set forth in the Declaration of Arturo Rubinstein ("Rubinstein Declaration") submitted in support herein, the Debtor has reached an agreement with its pre-petition professionals regarding their claims and they do not have an objection to the dismissal of the Bankruptcy Case.

A Bar Date of January 31, 2014 was set in this case, [Docket No. 83]. In addition to the trade creditors scheduled by the Debtor, two other creditors filed proofs of claim by the Bar Date, Jacob Tikosky, Claim No. 10, and Travel Media Group, Claim No. 9-1. Mr. Tikosky's claim was filed late, (it was filed on October 16, 2014) and he has since filed a Notice of Withdrawal of his claim [Docket No. 10]. The claim of Travel Media Group was filed in the amount of $3,624. The claim of Travel Media Group has been paid in full with funds from a third party.

All of the creditors scheduled by the Debtor are trade creditors. These creditors continued to provide the Debtor with services during the course of the Bankruptcy and have been advised of the Debtor's intent to seek a dismissal of its Bankruptcy Case. As attested to in the Rubinstein Declaration, the remaining trade creditors support the Debtor's effort to get out of bankruptcy and do not oppose the dismissal of the case at this time.

## II.

## DISCUSSION

A.  **THIS CASE SHOULD BE DISMISSED UNDER 11 U.S.C. §1112(B)**

11 U.S.C. §1112(b) (1) provides that the court may dismiss a case under chapter 11 for "cause". Section 1112(b)(1) provides, in pertinent part:

> "Except as provided in paragraph (2) of this subsection, subsection (c) of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establishes that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if movant establishes cause."

Although §1112(b)(4) includes certain specific examples of "cause", it is axiomatic that the word "including" is not limiting, see 11 U.S.C. §102(3), such that the grounds set forth in Section 1112(b)(4) are not exhaustive, but merely illustrative. See, e.g. In re Gonic Realty Trust 909 F 2d 624, 626 (1st Cir. 1990):

> "Although the language of section 1112(b) provides a list of possible circumstances for 'cause', this is not an exhaustive list, and in fact, 'the court is not limited to the enumerated grounds in making its determination of some 'cause'. (citations omitted) Thus, in determining 'cause' for dismissal the court may consider other factors as they arise and use its powers to reach appropriate results in individual cases."

One of the factors a court considers in its determination of whether to dismiss a case, is whether or not the bankruptcy case continues to serve a bankruptcy purpose:

> "In determining whether the Defendant has established cause, the Court must assess the totality of the circumstances, including the best interests of the creditors and the purpose of the bankruptcy case. (citation omitted) The purpose of the Bankruptcy Code is essentially (1) to encourage financial restructuring and (2) payments to creditors, while (3) preserving jobs and (4) shareholder interests."

In re Americert, Inc. 360 B.R. 398, 401, (Bkrtcy. D.N.H. 2007).

In the instant case, cause exists to dismiss because there is no further bankruptcy purpose for the case to remain open. Because the Debtor was able to refinance the Hotel and pay off its obligation to First Citizens, as well as pay its administrative tax obligations, the Debtor does not need to complete the reorganization process and have its Plan confirmed. As a result of the refinance, the Debtor was able to restructure its loan consistent with its ability to meet its regularly occurring obligations and therefore does not need to incur the costs of confirming its Plan and keeping this case open, further burdening this Court. The Debtor has complied with all of the requirements of the U.S. Trustee's office and all quarterly fees have been paid or will be paid in connection with the dismissal. For these reasons, the Debtor believes that the case should be dismissed at this time.

///

///

///

### B. THE COURT SHOULD FIND THAT ITS PRIOR ORDERS ARE NOT VACATED AND REMAIN IN FULL FORCE AND EFFECT UNDER 11 U.S.C. §349(B)

In connection with the dismissal of this case, the Court should order that all prior orders remain in full force and effect pursuant to 11 U.S.C. §349(b). This includes the Orders approving the post-petition financing and settlement with First Citizens. In this regard, the Bankruptcy Appellate Panel of the Ninth Circuit, in dealing with the question of whether the dismissal of a chapter 7 case automatically vacated a previously entered discharge, held that it did not as it was not one of the orders enumerated in §349(b) as being vacated upon dismissal. In re Pavelich, 229 BR 777 (B.A.P. 9th Cir. 1999). In analyzing the issue, the BAP first pointed out that the discharge order is not one of the orders listed in §349(b) as automatically undone by dismissal of the case. 229 BR at pg 780. The court then went on to state that:

> "although not entirely free from doubt insofar as a discharge is concerned, the omission of an order from the list in §349(b) ordinarily means that dismissal does not affect the omitted order." (citing In re Carraher, 971 F.2d 327, 328 (9th Cir. 1992).)

Similarly, the post-petition financing order is not among the orders enumerated in Section 349(b) as being vacated upon dismissal of the case. In order to avoid any possible confusion, it is requested that the Court order that its order approving the post-petition financing and the settlement with First Citizens are not vacated by the dismissal of the case and remain valid and in full force and effect.

### III.

### CONCLUSION

Cause exists to dismiss the Debtor's case because Debtor is no requires the protections of the Bankruptcy Code and to require the Debtor to move forward with its Plan of Reorganization would be of no value to the creditors of this Estate. To convert this case to a chapter 7 will most definitely not benefit the creditors of this Estate because of the Debtor's ability to meet its ongoing obligations on a going forward basis and therefore it is requested that the Court grant the Motion and dismiss the case.

Dated:  December 15, 2014

CREIM MACIAS KOENIG & FREY, LLP


By:   /s/ Stuart I. Koenig
      STUART I. KOENIG
Reorganization Attorney for Oceanside Mile, LLC,
Debtor and Debtor-in-Possession

## DECLARATION OF ARTURO RUBINSTEIN

I, ARTURO RUBINSTEIN, declare as follows:

1. I am the managing member of Fab Rock LLC, the managing member of Oceanside Mile LLC dba Seabonay Beach Resort, Debtor and Debtor in Possession ("Debtor"). I submit this declaration in support of the Debtor's Motion to Dismiss the Bankruptcy Case, with prejudice.

2. My knowledge of the facts set forth herein is based on my personal knowledge, unless otherwise indicated, my conversations with the Debtor's employees and manager and from my review of the Debtor's books and records. If called upon to testify, I could and would testify competently concerning the contents of this declaration.

3. As this Court is well aware, the Debtor successfully refinanced its obligations with First Citizens Bank & Trust. During the process of refinancing, the Debtor resolved, in full, the claims of the Broward County Board of County Commissioners and the Broward County Code Enforcement. The Debtor will pay the claim of the IRS, in full, prior to the hearing on this Motion.

4. As set forth in the Schedules filed by the Debtor, it was believed that the Debtor had approximately $127,617 in unsecured claims. A Bar Date of January 31, 2014 was set in this case. [Docket No. 83].

5. Included within its unsecured creditors were the claims of 4 professionals, the Debtor's pre-petition accountant Kaufman Rossin & Co, and three law firms, David Neblett, Kodsi Law Firm and Moffa, Gainor & Sutton PA. The Debtor has reached an agreement with its pre-petition professionals regarding their claims and they do not have an objection to the dismissal of the Bankruptcy Case.

6. In addition to the creditors scheduled by the Debtor, there were two other unsecured creditors that filed proofs of claim. One creditor was Jacob Tikosky, Claim No. 10. Mr. Tikosky's claim was filed late, having been filed on October 16, 2014. Mr. Tikosky as immediately notified that his claim was filed late and so on October 17, 2014 Mr. Tikosky filed a notice of withdrawal of his proof of claim [Docket No. 10]. The other unsecured creditor was Travel Media Group, Claim No. 9-1, for $3,624. The claim of Travel Media Group has been paid in full by a third party, and not with funds of the Debtor.

I:\slf\20211 (Oceanside Mile)\Motion to Dismiss Case [Final Ver].docx    12

7.  The balance of the Debtor's pre-petition unsecured creditors listed on the Schedules are trade creditors. These creditors continued to provide the Debtor with services during the course of the Bankruptcy Case. The Debtor has advised all of its trade creditors of its intent to seek a dismissal of its Bankruptcy Case. We have been advised by all of the remaining trade creditors that they support the Debtor's effort to get out of bankruptcy and do not oppose the dismissal of the case at this time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on December 15, 2014, at Los Angeles, California.

_____
ARTURO RUBINSTEIN

# DECLARATION OF EYAL GAMLIEL

I, EYAL GAMLIEL, declare as follows:

1. I am a member of Mayo Group, LLC, ("Mayo Group") a Florida limited liability company. Mayo Group is a member of Oceanside Mile LLC *dba* Seabonay Beach Resort, Debtor and Debtor in Possession ("Debtor"). I am also a licensed attorney, licensed to practice in the State of California. I submit this declaration in support of the Debtor's motion to dismiss the bankruptcy case. My knowledge of the facts set forth herein is based on my personal knowledge, unless otherwise indicated, and from information which I learned from the Debtor's personnel and my personal knowledge of the books and records of Mayo Group. If called upon to testify, I could and would testify competently concerning the contents of this declaration.

2. Mayo Group is a secured creditor of the Debtor. The claim of Mayo Group is secured by, essentially, all of the assets of the Debtor.

3. I am advised that, following the Debtor's refinance of its obligations to First Citizens, it has determined that it is in the best interest of creditors that the Bankruptcy case be dismissed at this time. The Mayo Group has no objection to the dismissal of the Bankruptcy case without prejudice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 11, 2014, at Los Angeles, California.

_____
EYAL GAMLIEL

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
633 W. Fifth Street, 51st Floor, Los Angeles, CA  90071

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR AND DEBTOR IN POSSESSION'S MOTION TO DISMISS BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF AUTURO RUBINSTEIN AND EYAL GAMLIEL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On December 15, 2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Craig H Averch | caverch@whitecase.com |
| Michael N. Berke | Michael.berke@berkeslaw.com |
| Sandford L. Frey | sfrey@cmkllp.com |
| Stuart I. Koenig | skoenig@cmkllp.com |
| Craig G. Margulies | craig@marguliesfaithlaw.com; staci@marguliesfaithlaw.com; mhillel@marguliesfaithlaw.com; fahim@marguliesfaithlaw.com |
| Ron Maroko | ron.maroko@usdoj.gov |
| Charles Shamash | cs@locs.com; generalbox@locs.com |
| US Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| Marta C. Wade | mwade@cmkllp.com; knielsen@cmkllp.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:  On (*date*) December 15, 2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
U.S. Bankruptcy Court
255 E. Temple St.
Los Angeles, CA  90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 15, 2014 | Kelli Nielsen | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**

Oceanside Mile LLC
dba Seabonay Beach Resort
1546 E 14th Street
Los Angeles, CA 90021

AFS1 LLC
4818 Satsuma Ave
North Hollywood, CA 91601

AMC Liquidators
3705 W Commercial Blvd
Fort Lauderdale, FL 33309

Art Connection
Ofer Sadik
2860 Center Port Cir
Pompano Beach, FL 33064

Broward Co Board of Co
Commissioner
115 S Andrews Ave Room 119A
Fort Lauderdale, FL 33301

Broward County Code Enforcement
1 North University Dr Box 302
Plantation, FL 33324

CCTVGUY INC
Boaz Vaknin
3740 N. 55th Ave.
Hollywood, FL 33021-2209

David Neblett
2550 S Bayshore Dr Ste 11
Miami, FL 33133

~~Dry Masters Specialist LLC~~
~~2838 N State Rd 7~~
~~Hollywood, FL 33021~~

First Citizens Bank
PO Box 27131
Raleigh, NC 27611-7131

Franchise Tax Board
Attn Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952

Hospitality Staffing Solutions
100 Glenridge Point Parkway Ste 400
Atlanta, GA 30342

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

IRS
Ogden, UT 84201-0039

Kaufman Rossin & Co
2699 S Bayshore Dr
Miami, FL 33133

Kodsi Law Firm PA
Paul D Gottfried Esq
1855 Griffin Rd Suite A-370
Dania Beach, FL 33004

Mayo Group
517 N Foothill Rd
Beverly Hills, CA 90210

Moffa Gainor & Sutton PA
100 SE Third Ave, Ste. 2202
Fort Lauderdale, FL 33394

Ofer Manor Laundry Service
1083 NW 124th Terrace
Sunrise, FL 33323

Securities Exchange Commission
444 S. Flower St., Ste. 900
Los Angeles, CA 90071

Zevuloni & Associates
10130 NW 47th St
Sunrise, FL 33351

Town of Hillsboro Beach
1210 Hillsboro Mile
Hillsboro Beach, FL 33062

Florida Power and Light
FPL General Mail Facility
Miami, FL 33188-0001

Amerigas
PO Box 22798
Fort Lauderdale, FL 33335-2798

~~Waste Services of Florida, Inc.~~
~~3101 NW 16th Terrace~~
~~Pompano Beach, FL 33064~~

US Foods
PO Box 281838
Atlanta, GA 30384

~~All Stars Elevator~~
~~628 NW 132nd Ter.~~
~~Plantation, FL 33325-2184~~

Travel Media Group
PO Box 3828
Norfolk, VA 23514-3828

Expedia, Inc. Headquarters
333 108th Ave NE
Bellevue, WA 98004

Carl L. Kitchner
County Attorney for Broward County
115 S. Andrews Ave., Rm. 423
Fort Lauderdale, FL 33301

Robert Taylor, Senior VP
CBRE Inc.
777 Brickell Ave, Suite 900
Miami, FL 33131

Agoda Company PTE Ltd
20 Cecil Street
Equity Plaza #14-01
Signapore 049705

Hotels.com, LP
10440 North Central Expressway
Suite 400
Dallas, TX 75231

Lando Resorts
5405 Diplomat Circle #106
Orlando, FL 32810

Lexyl Travel Technologies LLC
777 S Flagler Dr. Ste 800
West Palm Beach, FL 33401

Travel Media Group
901 N Lake Destiny Dr
Suite 375
Maitland, FL 32751

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| Travelscape, LLC dba Expedia Travel<br>10190 Covington Cross Dr<br>Las Vegas, NV 89144 | VacationSpot S.L.<br>Ed Nortysur 13, 38003<br>Sta Cruz de Terierife<br>SPAIN | Franchise Tax Board<br>Bankruptcy Section MS A340<br>PO Box 2952<br>Sacramento, CA 95812-2952 |
| Internal Revenue Service<br>300 North Los Angeles Street<br>M/S 5022<br>Los Angeles, CA 90012 | Broward County Board of County Commissioners<br>115 S. Andrews Ave Room #A-100<br>Fort Lauderdale, FL 33301 | Broward County Records, Taxes & Treasury<br>Attn: Bankruptcy Section<br>115 S. Andrews Ave Room #A-100<br>Ft Lauderdale, FL 33301 |
| Roberto J. Kampfner, Esq.<br>White & Case LLP<br>633 W. Fifth St., Ste. 1900<br>Los Angeles, CA  90071-2007 | The Official Interstate Guide<br>1239 East Ridge Road<br>Sevierville, TN  37862-6914 | First-Citizens Bank & Trust Company<br>250 Palermo Ave.<br>Coral Gables, FL 33134-6606 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE